**ST JOSEPH'S HOSPITAL OF CHEWELAH, Petitioner—Appellee,**

v.

**UNITED STAFF NURSES UNION, Respondent—Appellant.**

No. 04–35321.

D.C. No. CV–03–00190–LRS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 4, 2005.

Decided Aug. 18, 2005.

Michael B. Love, Esq., Erin A. Jacobson, Esq., Paine Hamblen Coffin Brooke & Miller, LLP, Spokane, WA, for Petitioner–Appellee.

Kirk S. Bond, Esq., Federal Way, WA, for Respondent–Appellant.

Before THOMPSON, T.G. NELSON, and WARDLAW, Circuit Judges.

MEMORANDUM *

United Staff Nurses Union (the "Union") appeals the district court's order denying its motion for summary judgment, granting St. Joseph's Hospital of Chewelah's ("St.Joseph's") motion for summary judgment, and vacating an arbitration

* This disposition is not appropriate for publication and may not be cited to or by the courts

award in its favor. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse the district court's order and remand for entry of judgment confirming the arbitration award.

The district court erred by holding that "enforcement of the award requires [St. Joseph's] to perform an illegal act." *See Teamsters Local Union 58 v. BOC Gases,* 249 F.3d 1089, 1093 (9th Cir.2001) ("We review de novo the district court's order vacating the arbitration award."). Chapter 388–97–203 of the Washington Administrative Code provides that a nursing home must not employ any individual who may have unsupervised access to residents if the individual has been convicted of assault in the fourth degree in the past three years. *See* Wash. Admin. Code § 388–97–203 (2004). St. Joseph's could reinstate Deborah Jones without violating Chapter 388–97–203 by simply not permitting her to work in the long-term care unit of the hospital. Nothing in the collective bargaining agreement between St. Joseph's and the Union requires St. Joseph's to float a nurse assigned to the acute care unit to the long-term care unit. Rather, section 5.7 of the collective bargaining agreement provides that "[t]he Employer retains the right to change the nurse's daily work assignment on a shift-by-shift basis by floating the nurse to another work area to meet patient care needs."

Because enforcement of the arbitration award does not violate public policy, the district court erred by vacating it. On remand, the district court is instructed to issue an order confirming the arbitrator's award. *See BOC Gases,* 249 F.3d at 1094.

REVERSED and REMANDED.